**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BARBARA RUTH CRAM, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> US, ) <br> ) <br> Defendant. ) <br> ) | Case No. 2:17-cv-02444-JAD-CWH <br><br> **REPORT & RECOMMENDATION** |

Presently before the court is pro se plaintiff Barbara Ruth Cram's application to proceed *in forma pauperis* (ECF No. 9), filed on October 6, 2017. Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it contains "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only

1 dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Here, Ms. Cram filed a complaint, which does not contain any factual allegations, and two supplements to the complaint. (Compl. (ECF No. 1-1); Supp. to Compl. (ECF No. 12); Supp. to Compl. (ECF No. 14).). In the first supplement, Ms. Cram requests a "turnkey house on the Hopi home" with a maid and a gardener. (ECF No. 12 at 1.) In the second supplement, Ms. Cram alleges that while sleepwalking, she saw a property where more than 1,000 babies were murdered or gravely injured at the hands of 3,000 people, "3 to a baby." (ECF No. 14 at 1.) She further alleges that she and a girlfriend were followed to be killed, that someone tried to rape her girlfriend many times, and that she was raped 1,500 times. (*Id.* at 2.) Ms. Cram makes various other allegations regarding being disemboweled, needing money and a home, events dating back to the early twentieth century, and "engulfment," though it is unclear to the court what Ms. Cram is referencing when she uses this term. (*Id.* at 2-17.)

Even liberally construing Ms. Cram's complaint and supplements, the court finds that her factual allegations describe fantastic and delusional scenarios and do not state a claim upon which relief can be granted. Given that Ms. Cram's complaint does not set forth a plausible claim, it is recommended that the complaint be dismissed with prejudice because amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (stating that a district court is not required to provide leave to amend a complaint if the complaint could not possibly be cured by the allegation of other facts).

IT IS THEREFORE ORDERED that Plaintiff Barbara Ruth Cram's application to proceed *in forma pauperis* (ECF No. 9) is GRANTED.

IT IS RECOMMENDED that Plaintiff Barbara Ruth Cram's Complaint (ECF No. 1-1) and its supplements (ECF Nos. 12, 14) be DISMISSED WITH PREJUDICE as delusional and frivolous.

IT IS FURTHER RECOMMENDED that all pending motions (ECF Nos. 2-4) in the case be DENIED as moot.

**<u>NOTICE</u>**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: November 16, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**